UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 25-23021-CIV-DAMIAN/LETT

**DARYL SHARP**,

    Plaintiff,

v.

**THOMAS WENSKI,**

    Defendant.
_____/

**ORDER AFFIRMING AND ADOPTING REPORT AND RECOMMENDATION**

**THIS CAUSE** is before the Court on Magistrate Judge Enjolique A. Lett's Report and Recommendation of Dismissal [ECF No. 9], entered on December 1, 2025.

THE COURT has considered the Report, the pertinent portions of the record, and relevant authorities and is otherwise fully advised.

On July 7, 2025, Plaintiff, Daryl Sharp ("Plaintiff"), appearing *pro se*, filed a Complaint against Defendant, Thomas Wenski, Archbishop of Miami, [ECF No. 1 ("Complaint")], and a Motion for Leave to Proceed *In Forma Pauperis* [ECF No. 3]. The case was assigned to Magistrate Judge Lett pursuant to Administrative Order 2025-11. *See* ECF No. 2.

On July 22, 2025, Plaintiff filed a Motion for Case Reassignment to a United States District Judge [ECF No. 5], and the following day, the Clerk of Court reassigned the case to United States District Judge Jose E. Martinez for all further proceedings. [ECF No. 6]. The case was subsequently reassigned to the undersigned for all further proceedings on December 17, 2025. [ECF No. 10].

On December 1, 2025, Magistrate Judge Lett issued the Report now before this Court recommending that the Complaint be dismissed with prejudice. In the Report, Magistrate Judge Lett considered Plaintiff's prior litigation history in Case No. 25-cv-20379-RKA, *Sharp v. Wenski*, filed in this District on January 24, 2025. In that action, United States District Judge Roy K. Altman screened Plaintiff's Complaint under 28 U.S.C. § 1915(e) and determined that it was due to be dismissed as a frivolous shotgun pleading. *See* Report at 2 (citing Screening Order, No. 25-cv-20379-RKA, ECF No. 5). As noted in the Report, after Plaintiff failed to file an amended complaint in that original action, the case was dismissed without prejudice for failure to comply with court orders. *Id.* (citing Order Dismissing Case, No. 25-cv-20319-RKA, ECF No. 9). Plaintiff then appealed the dismissal order to the Eleventh Circuit Court of Appeals, which eventually dismissed the appeal on June 25, 2025, for want of prosecution. *Id.* at 2–3 (citing Order of Dismissal from USCA, 25-cv-20379-RKA, ECF No. 15).

Thereafter, on July 7, 2025, Plaintiff filed a near-identical Complaint in the instant action. [ECF No. 1]. As further noted in the Magistrate Judge's Report, in both cases, Plaintiff seeks monetary damages in the amount of $500 trillion for alleged misuse and theft of government funds by "manipulating" or "altering the Bible" and "mass shootings against children and law enforcement personnel" or "mass shootings to intimidate the case for moving forward." Report at 3.

Magistrate Judge Lett determined that Plaintiff's re-filing of a Complaint that was previously dismissed is impermissible and warrants dismissal. Magistrate Judge Lett also concluded that the Complaint in this action suffers from the same defects as the Complaint in the original action that was dismissed without prejudice, and, therefore, any further leave

to amend would be futile. The Magistrate Judge therefore recommends that the Complaint be dismissed with prejudice for failure to state a claim and amend in accordance with Judge Altman's Order in the original action.

Any party may object to a Magistrate Judge's report and recommendation within fourteen (14) days after being served with a copy thereof. *See* 28 U.S.C. § 636(b)(1)(C); *see also* Local Rule 4(b) of the Magistrate Judge Rules of S.D. Fla. L.R.[1] Objections to the Report were, therefore, due by December 15, 2025. As of the date of this Order, no objections to Magistrate Judge Lett's Report have been filed, and the time to do so has passed.

When a magistrate judge's "disposition" has properly been objected to, district courts must review the disposition *de novo*. Fed. R. Civ. P. 72(b)(3). When no party has timely objected, however, "the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Fed. R. Civ. P. 72 advisory committee's notes (citation omitted). Although Rule 72 itself is silent on the standard of review, the Supreme Court has acknowledged Congress's intent was to only require a *de novo* review where objections have been properly filed, not when neither party objects. *See Thomas v. Arn*, 474 U.S. 140, 150 (1985) ("It does not appear that Congress intended to require district court review of a magistrate [judge]'s factual or legal conclusions, under a *de novo* or any other standard, when neither party objects to those findings."). In any event, the "[f]ailure to object to the magistrate [judge]'s factual findings after notice precludes a later

---

[1] In the original action before Judge Altman, Plaintiff was ordered to "comply with all Federal Rules of Civil Procedure and Local Rules for the Southern District of Florida" and was advised that the Local Rules "can be obtained from the Clerk of the Court." Order Providing Instructions to *Pro Se* Litigants, No. 25-cv-20379-RKA, ECF No. 4.

3

attack on these findings." *Lewis v. Smith*, 855 F.2d 736, 738 (11th Cir. 1988) (citing *Nettles v. Wainwright*, 677 F.2d 404, 410 (5th Cir. 1982)).

The undersigned has reviewed the Report, the record, and the applicable law to assure herself that no clear error appears on the face of the record. In light of that review, the undersigned agrees with Judge Lett's well-reasoned findings and thorough analyses and conclusions and agrees with Judge Lett's conclusions that the Complaint should be dismissed for failure to state a claim. The undersigned also agrees that since leave to amend was previously granted in the original action, and based on the nature of Plaintiff's allegations, any further leave to amend would be futile. Therefore, dismissal with prejudice is warranted.

Accordingly, for the reasons set forth, it is hereby

**ORDERED AND ADJUDGED** as follows:

1. The Report and Recommendation **[ECF No. 9]** is **AFFIRMED AND ADOPTED** in its entirety and incorporated into this Order by reference.
2. The Complaint **[ECF No. 1]** is **DISMISSED WITH PREJUDICE**.
3. The Clerk of the Court is directed to **CLOSE** this case.
4. Any pending motions, including the Motion for Leave to Proceed *In Forma Pauperis* [**ECF No. 3**], are **DENIED AS MOOT**.

**DONE AND ORDERED** in Chambers in the Southern District of Florida, this 12th day of January, 2026.

_____
**MELISSA DAMIAN**
**UNITED STATES DISTRICT JUDGE**

cc: Daryl Sharp, *Pro se*
11125 Park Blvd.
Seminole, FL 33772